UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONI COLLINS o/b/o A.R.,

    Plaintiff,

v.                                                            Case No: 8:20-cv-1902-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

Plaintiff, Toni Collins, on behalf of A.R. ("Claimant"), a child, seeks judicial review of the denial of Claimant's claim for supplemental security income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

**BACKGROUND**

**A.    Procedural Background**

On April 20, 2017, Plaintiff filed an application for SSI on Claimant's behalf. (Tr. 82, 92, 94, 104.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 92–93, 104–08, 112.) Plaintiff then requested an administrative hearing. (Tr. 120–25.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff and Claimant appeared and testified. (Tr. 32–66.) Following the hearing, the ALJ issued an unfavorable decision finding Claimant not disabled and

accordingly denied Claimant's claim for benefits. (Tr. 12–31.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–6.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff claimed that Claimant's disability began on the day of Claimant's birth, November 14, 2008. (Tr. 82–83, 94–95, 199, 202, 228, 241, 258.) Plaintiff was a school-aged child on the date the application was filed and at the time of the ALJ's decision. (Tr. 18, 84, 213.) Plaintiff alleged Claimant's disability due to a learning disability, being emotional, neurodevelopmental disorder, learning disorder, attention deficit hyperactivity disorder, hearing impairment, vision problems, urinary problems, alexia and dyslexia. (Tr. 51, 93, 207.)

After conducting a hearing and reviewing the evidence of record, the ALJ determined that Claimant had the following severe impairments: hearing loss, vision loss, attention deficit hyperactive disorder, and learning disorder. (Tr. 18.) Notwithstanding the noted impairments, the ALJ determined that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing"). (Tr. 18.) The ALJ further found that Claimant did not have an impairment or combination of impairments that functionally equaled a Listing. (Tr. 18.) In making this determination, the ALJ concluded that Claimant had a marked limitation in acquiring and using information; less than marked limitations in the areas

of attending and completing tasks, interacting and relating with others, ability to care for herself, and in her health and physical well-being; and no limitations in moving about and manipulating objects. (Tr. 22–26.) Accordingly, the ALJ found Claimant not disabled. (Tr. 27.)

## APPLICABLE STANDARDS

An individual younger than the age of eighteen is considered to be disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations and that can be expected to result in death or that has lasted, or can be expected to last, for at least twelve months. 42 U.S.C. § 1382c(a)(3)(C)(i).

Child disability claims are assessed under a three-step sequential analysis. 20 C.F.R. § 416.924(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is engaging in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; and (3) whether the claimant's impairment or combination of impairments meets, medically equals, or functionally equals a Listing. *Id.*

To "meet" a Listing, a child must actually suffer from the limitations specified in the Listing. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004). To "medically equal" the limitations found in a Listing, the child's limitations must be "at least of equal medical significance to those of a listed impairment." *Id.* (citing 20 C.F.R. § 416.926). Alternatively, if a child's impairment does not meet or

medically equal a Listing, a child may nonetheless be found disabled if the child's impairment "functionally equals" a Listing, which is determined by the extent to which the impairment limits the child's ability to function in the following six domains of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id.*; 20 C.F.R. § 416.926a(b)(1)(i)–(vi). A child's limitations "functionally equal" those in the Listings, and thus constitute a disability, if the child's limitations are "marked" in two of the six domains or are "extreme" in one of the six domains. 20 C.F.R. § 416.926a(a), (d). A child's limitation is "marked" when it is "more than moderate" but "less than extreme." *Id.* § 416.926a(e)(2)(i). A marked limitation "interferes seriously" with a child's "ability to independently initiate, sustain, or complete activities." *Id.* An "extreme" limitation is a limitation that is "more than marked" and "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(3)(i).

A determination by the Commissioner that a child is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no

such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision contending that the ALJ erred by failing to find that Claimant had marked limitations in interacting and relating with others. (Dkt. 24 at 8.) Specifically, Plaintiff contends that the ALJ erred by failing to "discuss whether the claimant's hearing impairment would impact her ability to listen and communicate with others." (*Id.* at 9.) For the reasons that follow, this contention does not warrant reversal.

When evaluating a child's limitations in the domain of "interacting and relating with others," the SSA considers how well the child is able to initiate and sustain emotional connections with others, cooperate with others, and respect and take care

of the possessions of others. *See* 20 C.F.R. § 416.926a(i). Also considered is the child's ability to develop and use the language of her community, comply with rules, and respond to criticism. *See id.* Social Security Ruling ("SSR") 09-5P provides, in part:

> In the domain of "Interacting and relating with others," we consider a child's ability to initiate and respond to exchanges with other people, and to form and sustain relationships with family members, friends, and others. This domain includes all aspects of social interaction with individuals and groups at home, at school, and in the community. Important aspects of both interacting and relating are the child's response to persons in authority, compliance with rules, and regard for the possessions of others. In addition, because communication is essential to both interacting and relating, we consider in this domain the speech and language skills children need to speak intelligibly and to understand and use the language of their community.

SSR 09-5P, 2009 WL 396026, at *2 (Feb. 17, 2009). "Children with impairment-related limitations in this domain may not be disruptive; therefore, their limitations may go unnoticed. Such children may be described as socially withdrawn or isolated, without friends, or preferring to be left alone. These children may simply not understand how to accomplish social acceptance and integration with other individuals or groups." *Id.* The following are non-exclusive examples of typical functioning in the domain of interacting and relating with others for a school-age child age six to twelve: she develops more lasting friendships with children her age; she begins to understand how to work in groups to create projects and solve problems; she is increasingly able to understand the viewpoints of others and tolerate their differences; and she is well able to talk to people of all ages, to share ideas, tell stories,

and to speak in a manner that both familiar and unfamiliar listeners readily understand. *See id.* at 6; 20 C.F.R. § 416.926a(i). Conversely, some non-exclusive examples of limitations in this domain include having no close friends or having friends that are either all older than her or younger than her; avoiding or withdrawing from people she knows or being overly anxious or nervous about meeting new people or trying new experiences; she has a difficulty playing games or sports with rules, communicating with others, or speaking intelligibly or with adequate fluency. *See* SSR 09-5P, 2009 WL 396026, at *7; 20 C.F.R. § 416.926a(i). Notably, however, these "examples do not necessarily describe a 'marked' or 'extreme' limitation." 20 C.F.R. § 416.926a(i); *see also* SSR 09-5P, 2009 WL 396026, at *6.

  Here, substantial evidence supports the ALJ's findings that Claimant has less than marked limitations in interacting and relating with others. The medical records fail to demonstrate that Claimant's mild hearing loss limited her ability to communicate. Indeed, the record reflects that Plaintiff noted that Claimant had friends her own age and got along well with teachers and other adults, and that the Claimant's ability to communicate was not limited. (Tr. 24, 221, 224.) Claimant further testified that she had friends at school and enjoyed playing a variety of sports. (Tr. 19, 24, 42–43.) While it is true that the ALJ did not specifically discuss Claimant's hearing impairment in analyzing the domain of interacting and relating with others, the ALJ did discuss the evidence related to this impairment in her general summary of the evidence that prefaced her analysis of the six domains at Step Three. (Tr. 19–22.) Specifically, the ALJ noted that a hearing test reflected 100 percent word recognition

correctness in her left ear and 92 percent in her right ear. (Tr. 20.) The record further indicates that this audiologist noted Claimant's hearing in both ears as "normal" and her word recognition scores as "excellent." (Tr. 408, 411, 415.) Moreover, the ALJ considered the opinions of the State agency medical consultants, who opined that Claimant had a less than marked limitation with regard to interacting and relating with others. (Tr. 21, 87–88, 100.) These consultants further noted that Plaintiff's speech was within normal limits and that her hearing was normal. (Tr. 88, 100, 419.) Last, the ALJ properly recognized that the domain of interacting and relating with others is not limited to a child's behavior when she noted that pursuant to 20 C.F.R. § 416.926a)(i) and SSR 09-5P, "communication is essential to both interacting and relating," and that "this domain considers the speech and language skills children need to speak intelligibly and to understand and use the language of their community." (Tr. 23–24.) Therefore, the Court finds that the ALJ's decision reflects adequate consideration of the evidence regarding Claimant's hearing impairment, regardless of her failure to specifically discuss the impairment in analyzing the domain of interacting and relating with others. As noted, the evidence provides ample support for the ALJ's finding of "less than marked" limitation in that domain.

    The Court finds that the ALJ complied with the relevant regulations when she evaluated Claimant's limitations in interacting and relating with others. The ALJ discussed the record and explained her reasons for finding that Claimant has less than marked limitations in this domain, and substantial evidence in the record supports the ALJ's decision. In light of these facts, and because the Court is not permitted to

reweigh the evidence or substitute its judgment for that of the ALJ, remand is not warranted.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on January 31, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record